**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | | |
|---|---|---|
| BIG CANOE COMPANY, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 2:04-CV-00071-RWS |
| THOMAS D. STEELE, | : | |
| | : | |
| Defendant. | : | |

**ORDER**

This case is before the Court for consideration of Plaintiff's Motion for Summary Judgment [28]. The Motion is unopposed. Based upon a review of the record, the Court enters the following Order.

**Factual Background**[1]

Big Canoe is a planned unit development located in Dawson County and Pickens County, Georgia. Big Canoe Company, LLC ("Plaintiff") is the successor in interest to Big Canoe Corporation, the original developer.

---

[1] The Factual Background is taken from Plaintiff's Statement of Undisputed Material Facts which have been deemed to be admitted due to Defendant's failure to file any response.

In October 1972, Plaintiff's predecessor in title filed of record in Dawson and Pickens counties a "General Declaration of Covenants and Restrictions of the Big Canoe Property Owners and Association and Big Canoe Corporation." ("General Declaration of 1972 ").   By its express terms, the General Declaration of 1972 provided that "[t]his Declaration can be amended at any time provided that three-fourths (3/4) of the votes cast at a duly called meeting of the Association vote in favor of the proposed amendment."  By its express terms, the General Declaration of 1972 authorized Plaintiff's predecessor to unilaterally amend the Declaration in order "to supplement these General Covenants and Restrictions with supplemental covenants and restrictions entitled either Class "A", "B", or "C" covenants which supplemental Class "A", "B", or "C" covenants shall apply to certain specified Neighborhood Areas and which as to such Neighborhood Areas may be more restrictive than these General Covenants and Restrictions...."

Pursuant to the foregoing grant of authority, in October 1972, Plaintiff's predecessor supplemented the General Declaration of 1972 by filing certain "Class 'A' Covenants for Single Family Detached Dwelling Areas" ("Class 'A' Covenants").

AO 72A
(Rev.8/82)

The recitals of the Class "A" Covenants provide in part that they "shall apply only to land owned by Big Canoe Corporation in Dawson and/or Pickens County, Georgia, plats of which are recorded by Big Canoe Corporation in the official real estate records in Dawson and/or Pickens on which plats a reference is made that they are being recorded subject hereto or lands conveyed by deeds which make reference to the conveyance thereof being subject to this Declaration of Covenants for Class "A" residential dwellings."  All plats for single family dwellings in Big Canoe include a reference to the Class "A" Covenants.

Subparagraph (bb) of Article II § 2, of the Class "A" Covenants provides in essence that the Big Canoe developer has a right of first refusal on the resale of any residential lot specifically subjected to the Class "A" Covenants. Subparagraph (a) of Article IV of the Class "A" Covenants provides that they are to run with the land for a period of twenty-five years and would be automatically renewed for successive ten-year periods, "unless an instrument signed by three-fourths (3/4) of the then owners of lots substantially affected by such change in covenants has been recorded, agreeing to change said

covenants in whole or in part."  No such written instrument has ever been signed or recorded.

The General Declaration of 1972 was amended on several occasions, including an "Amended and Restated General Declaration of Covenants and Restrictions of the Big Canoe Property Owners Association and Big Canoe Company" ("Amended Declaration of Covenants") executed March 26, 1988.

Defendant Thomas Steele ("Defendant") is a citizen of Florida, and owns several tracts of property in the Big Canoe Development.  In August 2003, Defendant executed a contract for the purchase of an undeveloped tract in Big Canoe located at 4095 Woodland Trace.  By letter of September 2, 2003, Big Canoe exercised its right of first refusal as to the Woodland Trace property.

On November 11, 2003, Defendant executed a contract for the purchase of 1218 Quail Cove Drive in the Big Canoe Development.  By letter of November 20, 2003, Big Canoe asserted its right of first refusal on the purchase of the Quail Cove property.  Prior to the time that Plaintiff asserted its right to purchase the Quail Cove Drive property, Defendant determined to challenge the validity of the right of first refusal under the Class "A" Covenants.  Defendant authorized his counsel to submit a letter of November

4

19, 2003 to Plaintiff and to the Big Canoe Property Owners' Association in which he disputed the validity of the right of first refusal. The then-owner of Quail Cove Drive property did not honor Big Canoe's right of first refusal, but instead conveyed the property to Defendant on or about December 12, 2003.

Plaintiff filed the present action in the Superior Court of Pickens County to determine the enforceability of the right of first refusal. Defendant removed the case to this Court based on diversity of citizenship. Defendant filed an answer to the Complaint that included a counterclaim premised on the invalidity of the right of first refusal. Plaintiff has filed a Motion for Summary Judgment as to its claim for declaratory judgment as well as Defendant's counterclaim.

## Discussion

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the non-movant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970). The party seeking summary judgment must first identify grounds that show the

absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).  The burden then shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

In this action, Plaintiff seeks a declaration that the right of first refusal granted to it in the Class "A" Covenants is valid and enforceable.  Because Defendant has filed no response to the Motion for Summary Judgment, the Court is left to discern from Defendant's Answer and Counterclaim his position on the issues presented by Plaintiff's Motion.  Based upon Defendant's Answer and Counterclaim, it appears that Defendant contends that Plaintiff's right of first refusal was extinguished by the Amended Declaration of Covenants executed March 26, 1988.

The Amended Declaration of Covenants states that it is adopted for the purpose "of integrating all previous amendments into one updated and readable document."  Article VIII of the Amended Declaration of Covenants contains many of the provisions contained in the Class "A" Covenants with the

6

significant exception that there is no grant of a right of first refusal.  Defendant asserts that the Amended Declaration of Covenants replaced the General Declaration of Covenants and the Class "A" Covenants, thus extinguishing the right of first refusal.

Plaintiff submits that the Class "A" Covenants are unaffected by the Amended Declaration of Covenants.  The General Declaration of 1972 affected all of the Big Canoe properties.  However, the Class "A" Covenants were far more narrow.  They only apply to "single family detached dwelling areas," and only where the recorded plats or deeds for the properties make reference to "being subject to this declaration of covenants for Class "A" residential dwellings."

Further, the General Declaration of 1972 and the Class "A" Covenants had distinctly different procedures for amendment.  The General Declaration of 1972 provided for amendment as follows:

> Amendments.  This Declaration can be amended at any time provided that three-fourths (3/4) of the votes cast at a duly called meeting of the Association vote in favor of the proposed amendment....

(General Declaration of 1972, Article IX §2, at 27).  The Amended Declaration

7

of Covenants was adopted pursuant to this procedure.

The Class "A" Covenants are subject to amendment not by the vote of the Association members, but only if "an instrument signed by three-fourths (3/4) of the then owners of lots substantially affected by such change in covenants has been recorded, agreeing to change said covenants in whole or in part." (Amended Declaration of Covenants, Article IV, §a).  No such instrument has been signed and recorded.

Based on the foregoing, the Court concludes that the Amended Declaration of Covenants did not amend the Class "A" Covenants, and, therefore did not extinguish the right of first refusal.

Defendant filed counterclaims against Plaintiff based upon tortious interference with contract and extortion.  However, each of these claims is dependent upon a finding that the right of first refusal has been extinguished. Because the Court finds that the right of first refusal has not been extinguished, Defendant is not entitled to prevail on his counterclaims.

**Conclusion**

8

Based on the foregoing, Plaintiff's Motion for Summary Judgment [28] is hereby **GRANTED**.  The Court hereby declares that the right of first refusal set forth in the Class "A" Covenants is valid and enforceable.  Because Defendant is not entitled to recover on its counterclaims, the Court further **ORDERS** that the counterclaims be **DISMISSED**.

**SO ORDERED**, this   23rd   day of March, 2006.

/s/ Richard W. Story
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

9